UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER McCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV1522(ERW) |
| | ) |
| LINDELL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Walter McClure for leave to commence this action without payment of the required filing fee [Doc. #1]. Upon consideration of the information provided by the applicant the Court finds that the applicant is unable to pay the filing fee. Therefore, applicant's motion to proceed in forma pauperis will be granted.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 15 U.S.C. § 1693m. Named as defendants are Lindell Bank, "Karen Unknown," "Unknown Customer Service Representative," "Alma Unknown," Michele Miller, Melissa Miller, David L. Calcaterra, Joe Mojka, and the Missouri Secretary of State.

Liberally construing the complaint and the exhibits, it appears that plaintiff had a deposit account at Lindell Bank. On or about June 23, 2005, several withdrawals were made from the account by means of an automatic teller machine (ATM) located at a Mobil Gas Station at 2601 Delmar in St. Louis, Missouri. The withdrawals totaled $191.70 - excluding fees and other charges. Plaintiff alleges that he became aware of the withdrawals on June 24, that the withdrawals were not authorized by him, and that he immediately contacted Lindell Bank to advise them of the unauthorized withdrawals and to have the account re-credited.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Shortly thereafter, plaintiff cancelled his ATM/debit card and attempted to close his account.[1]  It appears that Lindell Bank has not, to date, re-credited plaintiff the $191.70.  Plaintiff also states that he contacted the City of St. Louis Police Department.  It appears that the Police Department conducted an investigation, but did not issue plaintiff a police report number.

Lindell Bank, through its attorney, responded to an inquiry by the Missouri Division of Finance concerning plaintiff's claim of unauthorized withdrawals by denying liability.  Specifically, Lindell Bank stated that:

> Mr. McClure states that his ATM and PIN were always been [sic] in his possession.  In fact, he has stated that he never wrote down his PIN and his was kept in his head.  This would clearly preclude theft of his card and number.  ATM transactions can be initiated only by using a card and PIN.  If the card and PIN were not misappropriated, then the only explanation for the transactions is that they were made by Mr. McClure, or were made by someone with his permission to whom he entrusted his card and PIN.

Thus, it appears that the Bank's position is that because plaintiff still had possession of his ATM/debit card and denied writing down his PIN,  plaintiff had either made the withdrawals himself or had authorized someone else to make them by giving that person his card and PIN.

---

[1] It appears that plaintiff was unable to close the accounts because the allegedly unauthorized withdrawals caused a negative account balance.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**Discussion**

The Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693a - 1693r, and Regulation E, its implementing regulations (12 C.F.R. § 205, et seq.), require financial institutions to investigate promptly errors that occur as a result of electronic fund transfers, including unauthorized transactions. Title 15 U.S.C. § 1693g(b) establishes that the burden of proof is on the financial institution to show that the transaction was authorized by its customer. Title 15 U.S.C. § 1693m creates a cause of action for a bank customer against "any person who fails to comply with any provision" of the EFTA. 15 U.S.C. § 1693m(a). The federal district courts have jurisdiction over such actions "[w]ithout regard to the amount in controversy."

In 2001, the Office of the Comptroller of Currency (OCC) advised national banks that:

> The OCC is concerned that some banks may be rejecting claims of unauthorized transactions solely because the customer's Automated Teller Machine (ATM) or debit card and personal identification number (PIN) were used in the transaction. These facts alone may be insufficient to establish that a transaction was authorized because fraudulent means may have been used to obtain the customer's account number, card, or PIN. For instance, the customer may have been a victim of "shoulder surfing," a practice used by criminals to obtain account or card numbers or PINS by observing customer transactions. Therefore, banks cannot assume that they have satisfied their duty to investigate simply by concluding that the customer's debit card and PIN were used in the transaction at issue.

Office of Comptroller of Currency, Advisory Letter AL 2001-9, September 7, 2001, available at http://www.occ.treas.gov/ftp/advisory/2001-9.txt.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Based on the foregoing, this Court cannot - at this time - conclude that plaintiff's allegations against Lindell Bank are frivolous or fail to state a claim upon which relief may be granted. Consequently, plaintiff's claims against defendant Lindell Bank survive review under § 1915(e)(2)(B) and should not be dismissed as this time.

Nothing in § 1693m, however, appears to make individual bank employees liable to plaintiff. Furthermore, the mere failure of the police to issue plaintiff a police report number does not state a claim for relief. Consequently, plaintiff's claims against "Karen Unknown," "Unknown Customer Service Representative," "Alma Unknown," "Michele Miller," "Melissa Miller," David L. Calcaterra, Joe Mojka, and the Missouri Secretary of State will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Karen Unknown, Unknown Customer Service Representative, Alma Unknown, Michele Miller, Melissa Miller, David L. Calcaterra, Joe Mojka, and the Missouri Secretary of State, because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Lindell Bank.

An appropriate order shall accompany this order and memorandum.

Dated this 23rd day of January, 2006.

*/s/ E. Richard Webber*
_____
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com